## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EBERE C. NNEBE<br><br>        Plaintiff,<br><br>  -against-<br><br>BANK OF AMERICA; FIA CARD SERVICES,<br>NA; SOVEREIGN BANK; TRANS UNION, LLC;<br>EXPERIAN INFORMATION SOLUTIONS, INC;<br>EQUIFAX INFORMATION SERVICES, LLC;<br>ER SOLUTIONS, INC; and UNITED RECOVERY<br>SYSTEMS, L.P.<br><br>       Defendant(s) | Civil Action No. _____<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

The plaintiff **EBERE C. NNEBE,** (hereafter the "plaintiff"), as and for her complaint against the defendants **BANK OF AMERICA** (hereafter "Bank of America" or "defendants"), **FIA CARD SERVICES, NA.** (hereafter "FIA" or "defendants"), and **SOVEREIGN BANK** (hereafter "Sovereign Bank" or "defendants"), **TRANS UNION, LLC** (hereafter "Trans Union" or defendants"), **EXPERIAN INFORMATION SOLUTIONS, INC.** ( hereafter "Experian" or defendants" ), **EQUIFAX INFORMATION SERVICES, LLC** (hereafter "Equifax" or defendants" ), **UNITED RECOVERY SYSTEM, L.P.** (hereafter "United Recovery" or "defendants"), and **ER SOLUTIONS, INC.** (hereafter, "ER Solutions" or "defendants") alleges as follows, upon information and belief:

### JURISDICTION

1. The jurisdiction of this Court is conferred by 15 U.S.C. § 1640(e), 15 U.S.C. § 1681(p), and 28 U.S.C. Section 1331, 1337.  This Court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. § 1367 and pendant jurisdiction over the state common law claims

asserted herein.  Venue is properly laid pursuant to 28 U.S.C. § 1391(b). Venue is properly laid

pursuant to 28 U.S.C. § 1391(b) in the judicial district where the claim arose.

**PARTIES**

2.      The plaintiff is a resident of the State of New Jersey, County of Mercer. The plaintiff

is a "consumer" within the meaning of the FCRA [15 U.S.C. § 1681a(c)] as well as within the

meaning of the FDCPA [15 USC § 1692a (3)].

3.      Bank of America is a foreign corporation, duly licensed and qualified to do business

in the State of New Jersey.  Bank of America is a "furnisher" of information and furnished

plaintiff's credit information to credit reporting agencies ("CRA") in the normal course of business.

4.      FIA Card Services is foreign corporation, duly licensed and qualified to do business

in the State of New Jersey.  FIA is a "Furnisher of Information" and furnished plaintiff's credit

information to credit reporting agencies in the normal course of business.

5.      Sovereign Bank is a foreign corporation, duly licensed and qualified to do business

in the State of New Jersey. Sovereign Bank is a "furnisher" of information and furnished plaintiff's

credit information to credit reporting agencies in the normal course of business.

6.      Trans Union is a Delaware corporation, duly licensed, and qualified to do business in

the State of New York.  Trans Union is a "consumer reporting agency" within the meaning of the

FCRA [15 U.S.C. § 1681a (f)].  Trans Union is a "consumer reporting agency" within the meaning

of the FCRA and sells credit and financial information about individuals.

7.      Experian is an Ohio corporation, duly licensed, and qualified to do business in the

State of New York.  Experian is a "consumer reporting agency" within the meaning of the FCRA

[15 U.S.C. § 1681a (f)].  Experian is a "consumer reporting agency" within the meaning of the

FCRA and sells credit and financial information about individuals.

8.      Equifax is a Georgia corporation, duly licensed, and qualified to do business in the

State of New York.  Equifax is a "consumer reporting agency" within the meaning of the FCRA [15

U.S.C. § 1681a (f)]. Equifax is a "consumer reporting agency" within the meaning of the FCRA and sells credit and financial information about individuals.

9.      United Recovery is a foreign corporation that engages in business in this District and engaged in business of debt collection services. The principal purpose of defendant business is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.  United Recovery is a "debt collectors" as defined by the FDCPA.

10.      ER Solutions is a foreign corporation that engages in business in this District and engaged in business of debt collection services. The principal purpose of defendant business is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.  ER Solution is a "debt collectors" as defined by the FDCPA.

## PRELIMINARY STATEMENT

11.      This is an action for actual, statutory and punitive damages brought pursuant to the Fair and Accurate Credit Reporting Act ("FACTA") (15 USC § 1640 et seq.), the Fair Credit Reporting Act ("FCRA") (15 USC § 1681 et seq.), the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692, et seq.), and the New Jersey Fair Credit Reporting Act (N.J. Stat. § 56:11-1, et seq.).  In addition, the plaintiff seeks actual and punitive damages on her common law pendant state claims for defamation and invasion of privacy, pertaining to all adverse/negative/derogatory accounts or from continuing to report the accounts to any third party as belonging to the plaintiff or accurate.

## FACTS

12.      Plaintiff was the holder of an open end consumer credit card No. 5490 9995 7882 9466 ("Credit Card") issued to plaintiff by defendant Sovereign Bank (later acquired by Bank of America), with a credit limit of $5,000.00.

13.      On or about June 28, 2007 plaintiff purchased a Samsung IP-830W phone from Sprint PCS for a total sum of $631.01.  Plaintiff made the purchase online and was paid for with her

credit card. Barely five minutes after placing the online purchase, plaintiff received a call on her home phone from Bank of America to confirm that plaintiff made the purchase and that the amount of the purchase is $631.01. Copy of the Sprint online purchase receipt is attached as **Exhibit A**.

14.     Surprisingly, in her July 2007 statement plaintiff was billed $839.96 for the Sprint online purchase. Copy of plaintiff's July 2007 credit card statement from Sovereign Bank is attached as **Exhibit B**.

15.     Immediately upon receipt of the July 2007 statement, plaintiff contacted Bank of America to advise that the Sprint online billing was wrong and should be adjusted. While admitting that plaintiff authorized $631.01 to be billed to her credit card, Bank of America however refused to adjust plaintiff's statement stating that they were directed by Sprint to charge plaintiff's credit card for $839.96.

16.     As a result of the refusal of Bank of America to adjust plaintiff's statement for the unauthorized difference of $208.95 plus interests thereon ($839.96-$631.01), plaintiff decided to pay off all outstanding balance on the account, less the unauthorized Sprint billing of $208.95, and requested Bank of America to advise her of the pay off amount. Upon Bank of America's advice, plaintiff paid the sum of $2,781.01 in full payment of balance on the credit card, less the unauthorized and disputed Sprint billing of $208.95. Copy of plaintiff's check in payment of the amount is attached as **Exhibit C**.

17.     Notwithstanding plaintiff disputing the unauthorized billing and requesting that it be corrected and repeated request that her credit card not be overloaded, Bank of America continued to bill plaintiff for the unauthorized and disputed Sprint online purchase, and added late payment fees, finance charges, and other sundry fees. Copies of plaintiff's September, October and November 2007 statement are attached as **Exhibit D**.

18.     On or about November 11, 2007, defendant FIA Card Services sent a letter to plaintiff demanding that plaintiff make payment for the unauthorized billing, and constantly

continues to call plaintiff, threatening to refer the account to collection.  Copy of said letter from FIA Card Services is attached as **Exhibit E**.

19.    By a letter dated November 14, 2008, plaintiff advised FIA Card Services that the account and the statements (exhibit D) contained billing errors and requested defendants not to refer plaintiff's name to collection and to desist from collection efforts and harassing plaintiff.  Copy of the letter is attached as **Exhibit F**.

20.    Notwithstanding, defendants continued and intensified on their collection of the account, refused to conduct any investigation of the account, refused to provide plaintiff with any written explanation or clarification for the unauthorized billing.  Copies of the account statement for December 2007, January and February 2008 and collection letter from FIA Card Services are attached as **Exhibit G**.

21.    As a result of defendants' harassing and incessant phone calls in attempting to collect on the account, plaintiff sent a "cease and desist" letter dated March 13, 2008 to defendants. Copy of the letter is attached as **Exhibit H**.

22.    In or about February 2008, defendant ER Solutions began to incessantly call the plaintiff in an attempt to collect on the account.  Despite plaintiff's repeated request that ER Solution desist from further collection on the disputed account, ER Solution continued in its collection efforts and  sent a letter dated March 8, 2008 demanding that plaintiff pay on the account. By a letter dated March 26, 2008 plaintiff demanded that ER Solution validate the account which it has been attempting to collect.  Till today ER Solution has failed and/or refused to validate the account.  Copies of ER Solution letter and plaintiff's letter are attached as **Exhibit I**.

23.    In or about September 2008, defendant United Recovery began to incessantly call the plaintiff in an attempt to collect on the account.  Despite plaintiff's repeated request that United Recovery desist from further collection on the disputed account, United Recovery continued in its collection efforts and  sent a letter dated August 8, 2008 demanding that plaintiff pay on the

account. By a letter dated August 18, 2008 plaintiff demanded that United Recovery validate the account which it has been attempting to collect. Till today United Recovery has failed and/or refused to validate the account. Copies of United Recovery letter and plaintiff's letter are attached as **Exhibit J**.

24.     Plaintiff has always has good credit and has never defaulted in payment of her bills and credit cards. On or about May 20, 2008 plaintiff received a letter from Discover Card advising that it is closing plaintiff's open end consumer credit account No. xxx 2319 with it because of "serious delinquency" based on information received from defendant Trans Union. Copy of the Discover Card letter is attached as **Exhibit K**.

25.     Plaintiff requested for her credit report from defendants Trans Union, Experian and Equifax and was devastated to find that defendant Bank of America has closed her disputed credit card account and reported it as delinquent since April 2008. Copy of plaintiff's credit report from Trans Union, Experian and Equifax are attached as **Exhibit L**.

26.     On or about June 2008 plaintiff received a letter from Citibank advising that it is closing plaintiff's "Sears Gold MasterCard" and "Sears Card" open end consumer credit accounts Nos. xxx 7547 and  xxx 9452 with it because of "serious delinquency" based on information received from defendant Trans Union. Copy of Citibank's letters are attached as **Exhibit M**.

27.     On July 2008, plaintiff received an offer from a relative to sale her 2001 Mercedes Benz C-240 car at the price of $17,000.00, payable upon delivery in Nigeria. On or about July 13, 2008 plaintiff applied for a $30,000.00 auto loan from Freedom Credit Union to enable her purchase another car for use prior to shipping the Mercedes Benz to Nigeria. However, plaintiff's application for loan was denied because of "serious delinquency" based on information received submitted to Experian by defendant Bank of America. Plaintiff would have made a profit of $7,000.00 had she been able to secure the auto loan and ship the car to Nigeria. Copy of the denial letter from Freedom Credit Union is attached as **Exhibit N**.

28.    Plaintiff requested defendants to investigate the adverse reports on her credit report, in particular the delinquent account reported by Bank of America and the two Sears cards erroneously reported as "closed by consumer". By letters dated July 23 and August 11, 2008 Trans Union informed plaintiff that it has concluded its investigation but did not resolve any dispute raised by plaintiff. Copies of Tran Union letters are attached and the attached credit report as **Exhibit O**.

29.    On or about August 18, 2008 plaintiff sent a letter requesting defendant Trans Union to re-investigate the adverse reports on her credit report and to provide plaintiff with a description of the procedure used, including the name, business address, phone numbers of any person contacted. By a letters dated August 21 and 29, 2008 Trans Union again merely informed plaintiff that it has concluded its investigation but did not resolve the dispute, and failed to provide information as how the investigation was conducted. Copies of plaintiff's letter and Tran Union responses are attached and the attached credit report as **Exhibit P**.

30.    Further, by a letter dated August 18, 2008 plaintiff requested defendant Bank of America to validate the account that it reported to the credit bureaus. Till today Bank of America has refused and/or neglected to respond or validate the alleged debt. Copy of plaintiff's said letter is attached as **Exhibit Q**.

### *FIRST CLAIM FOR RELIEF – Violation of 15 U.S.C. § 1666 (a)*
### *(Against Bank of America, FIA Card Services, and Sovereign Bank)*

31.    The Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

32.    As required pursuant to § 1666 (a) plaintiff duly notified defendants that its statements contained billing errors, the amount of the billing error and her reasons for the belief of the billing error. Despite plaintiff's said several oral and written notices, defendants failed and/or refused to send plaintiff a written acknowledgement of the notice nor make appropriate correction to plaintiff's account or to send a written explanation or clarification to plaintiff

setting forth to the reasons why the it believes the plaintiff's account was correctly shown in the statement, in violation of 15 U.S.C. § 1666 (a).

33.     Plaintiff alleged that that the defendant's billing statement reflects a purchase of goods from Sprint PCS which was not authorized by her and/or for goods delivered to the her in accordance with the agreement made at the time of the purchase; however, and not withstanding plaintiff's notice of the billing error, defendants construed the incorrect and unauthorized billing to be correctly shown without investigation and determination that such goods were actually delivered, mailed, or otherwise sent to plaintiff and failed to provide plaintiff with a statement of such determination, in violation of  15 U.S.C. § 1666 (a).

34.     The plaintiff further alleges that as a direct and proximate result of the each of the defendants' actions, conduct and omissions she suffered actual damage including, but not limited to, damage to her existing credit accounts, failure to obtain credits; damage to her reputation, emotional distress, annoyance, aggravation, frustration, loss of business opportunities, costs and expenses to secure the defendants' compliance.

35.     As a result of these violations, defendants are liable to the plaintiff for  actual and statutory damages, attorneys fees and costs as provided by 15 U.S.C. §1640.

### SECOND CLAIM FOR RELIEF – Violation of 15 U.S.C. § 1666 (c)(d)
### (Against Bank of America, FIA Card Services, and Sovereign Bank)

36.     The Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

37.     Despite plaintiff's several oral and written notices to defendants that it's statement contained billing errors, defendants continued action to collect disputed amount. Defendant's action include, but is not limited to, sending statements to plaintiff without indicating that payment of the disputed amount is not required; restricting or closing plaintiff's account which plaintiff has indicated she believed contain a billing error solely because of plaintiff's failure to pay the amount indicated to be in error, in violation of  15 U.S.C. § 1666 (c) (d).

38.   The plaintiff further alleges that as a direct and proximate result of the each of the defendants' actions, conduct and omissions she suffered actual damage including, but not limited to, damage to her existing credit accounts, failure to obtain credits; damage to her reputation, emotional distress, annoyance, aggravation, frustration, loss of business opportunities and legal fees to secure the defendants' compliance.

39.   As a result of these violations, defendants are liable to the plaintiff for actual and statutory damages, attorneys fees and costs as provided by 15 U.S.C. §1640.

### THIRD CLAIM FOR RELIEF – Violation of 15 U.S.C. § 1666a (a) (Against Bank of America, FIA Card Services, and Sovereign Bank)

40.   The Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

41.   Defendants are furnisher of information under the Fair Credit Reporting Act (FCRA). 15 U.S.C. § 1666a (a) prohibits furnishers of credit information not to directly or indirectly threaten to report to any person adversely on plaintiff's credit rating or credit standing because of the plaintiff's failure to pay the amount indicated by plaintiff to contain billing error under § 1666 (a) (2), and such amount may not be reported as delinquent to any third party until the creditor has met the requirements of § 1666 and has allowed plaintiff the same number of days (not less than ten) thereafter to make payment as is provided under the credit agreement with plaintiff for the payment of undisputed amounts.

42.   Despite receiving notices from plaintiff that its statements contained billing error, defendants proceeding to severally threaten to report plaintiffs credit standing to Credit Reporting Agencies and reported the account as delinquent to Credit Reporting Agencies without first complying with the requirements of § 1666 by providing plaintiff a written acknowledgement of the notice, make appropriate correction to plaintiff's account, or send a written explanation or clarification to plaintiff setting forth to the reasons why the it believes the plaintiff's account was correctly shown in the statement, in violation of 15 U.S.C. § 1666a (a).

43.     The plaintiff further alleges that as a direct and proximate result of the each of the defendants' actions, conduct and omissions she suffered actual damage including, but not limited to, damage to her existing credit accounts, failure to obtain credits; damage to her reputation, emotional distress, annoyance, aggravation, frustration, loss of business opportunities and legal fees to secure the defendants' compliance.

44.     As a result of these violations, defendants are liable to the plaintiff for actual and statutory damages, attorneys fees and costs as provided by 15 U.S.C. §1640.

### FOURTH CLAIM FOR RELIEF – Violation of 15 U.S.C. § 1666a (b)
### (Against Bank of America, FIA Card Services, and Sovereign Bank)

44.     The Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

45.     Defendants are furnisher of information under the Fair Credit Reporting Act (FCRA). 15 U.S.C. § 1666a (b) prohibits furnishers of credit information who receives a further written notice from an obligor that an amount is still in dispute from reporting to any third party that the amount of the obligor is delinquent because the obligor has failed to pay an amount which he has indicated as billing error under billing error under § 1666 (a) (2), unless the creditor also reports that the amount is in dispute and, at the same time, notifies the obligor of the name and address of each party to whom the creditor is reporting information concerning the delinquency.

46.     Despite receiving notices from plaintiff that its statements contained billing error, defendant reported plaintiff's account as delinquent to several Credit Reporting Agencies and failed to indicate that the amount is in dispute or to notify plaintiff of the name and address of each of the Credit Reporting Agencies it reported the delinquency, in violation of 15 U.S.C. § 1666a (a).

47.     The plaintiff further alleges that as a direct and proximate result of the each of the defendants' actions, conduct and omissions she suffered actual damage including, but not limited to, damage to her existing credit accounts, failure to obtain credits; damage to her reputation,

emotional distress, annoyance, aggravation, frustration, loss of business opportunities and legal fees to secure the defendants' compliance.

48.    As a result of these violations, defendants are liable to the plaintiff for actual and statutory damages, attorneys fees and costs as provided by 15 U.S.C. §1640.

### FIFTH CLAIM FOR RELIEF – Violation of 15 U.S.C. § 1681s-2(b)
### (Against Bank of America, FIA Card Services, and Sovereign Bank)

49.    The Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

50.    The defendants are furnishers of information under the Fair Credit Reporting Act (FCRA). 15 U.S.C.S Section 1681s-2(b), a section of the Fair Credit Reporting Act, 15 U.S.C.S. Section 1681 et seq., explains the responsibilities of furnishers of credit information after they have been notified by a credit reporting agency that the consumer disputes the credit information provided by the furnisher. Upon receiving notice of a dispute, the furnisher is to conduct an investigation and report the results to the appropriate consumer reporting agencies. 15 U.S.C.S. Section 1681s-2(b). This violation of the statute entitles the plaintiff to statutory damages.

51.    The consumer may bring a cause of action against the furnisher if it does not comply with the provisions of Section 1681s-2(b). 15 U.S.C. Section 1681n and 1681o imposes civil liability on any person violating duties under FCRA and allows for actual damages and punitive damages. Section 1681s-2(b) imposes duties on furnishers of information to, inter alia, investigate disputed information and report the results of any such investigation to the consumer reporting agency.

52.    Defendants refused to investigate or to properly investigate the delinquent account it reported against the plaintiff and continued to report this inaccurate and adverse information despite receiving written notice from Tran Union and plaintiff and in-person contacts by plaintiff disputing the inaccurate information and advising defendants that the information is inaccurate.

53.    The plaintiff further alleges that as a direct and proximate result of the each of the defendants' actions, conduct and omissions she suffered actual damage including, but not limited

to, damage to her existing credit accounts, failure to obtain credits; damage to her reputation, emotional distress, annoyance, aggravation, frustration, loss of business opportunities and legal fees to secure the defendants' compliance.

54.    As a result of defendants violation of Section 1681s-2(b), plaintiff has been injured and is entitled to actual and punitive damages.

### SIXTH CLAIM FOR RELIEF – Violation of 15 U.S.C. § 1681s-2(a)
### (Against Bank of America, FIA Card Services, and Sovereign Bank)

55.    The Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

56.    The defendants are furnishers of information under the Fair Credit Reporting Act (FCRA). 15 U.S.C.S  Section 1681s-2(a), a section of the Fair Credit Reporting Act, 15 U.S.C.S. Section 1681 et seq., provides amongst others that a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or if the person receives information from the consumer that the specific information is inaccurate, and the information is in fact inaccurate; if it provided such information shall ensure that the information is complete and accurate; shall provide notice of dispute to the credit reporting agencies; and shall provide notice of negative information provided to a credit reporting agency to the consumer prior to or within 30 days; This violation of the statute entitles the plaintiff to statutory damages.

57.    The consumer may bring a cause of action against the furnisher if it does not comply with the provisions of Section 1681s-2(a). 15 U.S.C. Section 1681n and 1681o imposes civil liability on any person violating duties under FCRA and allows for actual damages and punitive damages.

58.    Defendants has actual knowledge or has reasonable cause to believe that the negative information it provided to the Credit Reporting Agencies are inaccurate, in that it knew that plaintiff authorized the payment of $631.01 on his account and not $839.96 as billed; defendant received notices of plaintiff's dispute on the account, but proceeded to report the information to the

Credit Reporting Agency without stating the account is disputed; it refused and or failed to notify plaintiff that it reported the negative information to Credit Reporting Agencies prior to within 30 days thereof; and refused to investigate or to properly investigate the delinquent account it reported against the plaintiff and continued to report this inaccurate and adverse information despite receiving written notices.

59.    Defendants gave false credit information about the plaintiff and reported inaccurate information to the three major Credit Reporting Agencies, Experian, Equifax and Trans Union. These actions have adversely affected plaintiff. Defendants injured plaintiff by publishing defamatory credit information that she disputes are inaccurate.  Injunctive relief is provided by 15 U.S.C §1681 and thereby, plaintiff demands that the Court, mandatorily, enjoin Defendants to render accurate account.

60.    The plaintiff further alleges that as a direct and proximate result of the each of the defendants' actions, conduct and omissions she suffered actual damage including, but not limited to, damage to her existing credit accounts, failure to obtain credits; damage to her reputation, emotional distress, annoyance, aggravation, frustration, loss of business opportunities and legal fees to secure the defendants' compliance.

61.    As a result of defendants violation of Section 1681s-2(a), plaintiff has been injured and is entitled to actual and punitive damages.

### SEVENTH CLAIM FOR RELIEF – Violation of 15 U.S.C.  § 1681e
### (Against Bank of America, FIA Card Services, and Sovereign Bank)

62.    Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

63.    Defendants violated 15 U.S.C.  § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports concerning the plaintiff.

64.    As a result of the defendants' conduct, action and inaction, plaintiff, who in fact had a good credit history, was unable to secure credit privileges at stores where she regularly shopped

and was unable to secure the credit he needed to purchase a car or to pursue lucrative business opportunities.

65.   As a result of the defendants conduct, action and inaction, the plaintiff was unable to secure any or favorable credit privileges.  As a result, the plaintiff incurred interest and finance charges relating to credit far in excess of what she would have otherwise incurred had she been able to secure credit elsewhere.

66   Defendants conduct, action and inaction were willful, rendering the defendants liable for punitive damages in an amount to be determined by the Court or Jury pursuant to 15 U.S.C. § 1681n.  Plaintiff is entitled to recover costs and attorney's fees from the defendants in an amount to be determined by the court pursuant to 15 U.S.C. §§ 1681n and 1681o.

### EIGHT CLAIM FOR RELIEF – Violation of 15 U.S.C. § 1681i)
### (Against Bank of America, FIA Card Services, and Sovereign Bank)

67.   Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

68.   Defendant violated 15 U.S.C. § 1681i (a) by failing to delete inaccurate information in the plaintiff's credit file after receiving actual notice of such inaccuracies and conducting or failing to conduct a reinvestigation.

69.   As a result of the defendants conduct, actions and inaction the plaintiff suffered damages as described above. Defendants conduct, actions and inaction were willful, rendering the defendant liable for punitive damages in an amount to be determined by the Court or Jury pursuant to 15 U.S.C. § 1681n. Plaintiff is entitled to recover costs and attorney's fees from the defendant in an amount to be determined by the court or jury pursuant to 15 U.S.C. §§ 1681n and 1681o.

### NINETH CLAIM FOR RELIEF – Violation of N.J. Stat. § 56:11)
### (Against Bank of America, FIA Card Services, and Sovereign Bank)

70.   Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

71.   Defendant violated N.J. Stat. § 56: 11.1 et seq., by failing and/or refusing to send plaintiff a written acknowledgement of the notice nor make appropriate correction to plaintiff's

account or to send a written explanation or clarification to plaintiff setting forth to the reasons why the it believes the plaintiff's account was correctly shown in the statement, despite receiving several oral and written notice from plaintiff, in violation of N.J. Stat. § 56: 11.3.

72.     Despite plaintiff's several oral and written notices to defendants that it's statement contained billing errors, defendants continued action to collect disputed amount. Defendant's action include, but is not limited to, sending statements to plaintiff without indicating that payment of the disputed amount is not required; restricting or closing plaintiff's account which plaintiff has indicated she believed contain a billing error solely because of plaintiff's failure to pay the amount indicated to be in error, in violation of N.J. Stat. § 56: 11.4.

73.     Defendants has actual knowledge or has reasonable cause to believe that the negative information it provided to the Credit Reporting Agencies are inaccurate, in that it knew that plaintiff authorized the payment of $631.01 on his account and not $839.96 as billed; defendant received notices of plaintiff's dispute on the account, but proceeded to report the information to the Credit Reporting Agency without stating the account is disputed; it refused and or failed to notify plaintiff that it reported the negative information to Credit Reporting Agencies prior to within 30 days thereof; and refused to investigate or to properly investigate the delinquent account it reported against the plaintiff and continued to report this inaccurate and adverse information despite receiving written notices.

74.     Therefore, defendants conduct, action and inaction were willful, rendering the defendants liable for punitive damages in an amount to be determined by the Court or Jury pursuant to N.J. Stat. § 56: 11.38.  Plaintiff is further entitled to recover her actual damages, costs and attorney's fees from the defendants in an amount to be determined by the Court or Jury.

### TENTH CLAIM FOR RELIEF – Violation of FCRA and NJFCRA) (Against Trans Union, Equifax and Experian)

75.     The Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

76.    The Credit Reporting Agency defendants (Trans Union, Equifax and Experian) violated the FCRA and New Jersey Fair Credit Reporting Act by failing to follow reasonable procedures to assure maximum possible accuracy when preparing credit reports purportedly concerning the plaintiff. It also violated the FCRA and NJFCRA by repeatedly issuing credit reports to various third-parties, purportedly pertaining to the plaintiff, which contained an erroneous tradeline entry which did not legitimately belong to the plaintiff, despite having received actual notice, on repeated occasions, that such entry was not hers or was otherwise inaccurate.

77.    The CRA's repeatedly violated their obligation under the FCRA and NJFCRA to properly investigate disputed items in the plaintiff's credit file maintained by them. They further defamed the plaintiff and violated her privacy by repeatedly publishing to third-parties information purportedly about her which were false and which caused her to suffer injury.

78.    The CRA's provided the plaintiff's credit report, containing erroneous information, to third-parties (including but not limited to Discover Card, Citibank and Freedom Credit Union), who then used such reports to make creditworthiness determinations about her and, as a result, her she was denied credit facilities, her credit score was adversely affected and her current credit standing with her legitimate creditors was adversely affected.

79.    Trans Union willfully violated various provisions of the FCRA, as set forth herein, and the plaintiff is thereby entitled to an award of punitive damages pursuant to the FCRA. The plaintiff further alleges that as a direct and proximate result of the each of the defendants' actions, conduct and omissions she suffered actual damage including, but not limited to, damage to her existing credit accounts, failure to obtain credits; damage to her reputation, emotional distress, annoyance, aggravation, frustration, loss of business opportunities and legal fees to secure the defendants' compliance with the FCRA and NJFCRA.

## ELEVENTH CLAIM FOR RELIEF – Violation of FCRA and NJFCRA) (Against Trans Union, Equifax and Experian)

80.    The Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

81.    The defendants violated 15 U.S.C. § 1681i (a) by failing to delete inaccurate information in the plaintiff's credit file after receiving actual notice of such inaccuracies and conducting a reinvestigation. Plaintiff advised defendants, on multiple occasions, of the false data and demanded that the data be removed from Trans Union's consumer reports and data files.

82.    Defendants failed to properly reinvestigate plaintiff's disputes and continued to prepare and publish false consumer reports. Defendants were very aware of plaintiff's disputes, as well as their inadequate and illegal reinvestigation and chose to leave disputed, false data as attributable to plaintiff.

83.    Defendants failed to use reasonable procedures to reinvestigate plaintiff's disputes and, likewise, took inadequate action to correct plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation. Defendants failed to take necessary and reasonable steps to prevent further inaccuracies from entering plaintiff's credit file data and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by defendants and relayed for further use, reliance and publication by their subscribers.

84.    Defendants failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on plaintiff's consumer reports and as contained in their consumer reporting data bank, as required by the Fair Credit Reporting Act. Defendants have willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681i[a], and N.J. Stat. § 56:11-36, on multiple occasions.

85.    The defendants conduct, actions and inaction were willful, rendering the defendant liable for punitive damages in an amount to be determined by the Court or Jury pursuant to 15 U.S.C. § 1681n, and N.J. Stat. § 56:11-38

### TWELFTH CLAIM FOR RELIEF – Violation of FDCPA) (Against FIA Card, ER Solutions and United Recovery)

86.    The Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

87.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

(a)    *False, Misleading, Deceptive, or Unfair Practice/Unauthorized Charges:* Defendant violated 15 U.S.C. § 1692e (2) (A), 15 U.S.C. § 1692e (10), and 15 U.S.C. § 1692f (1), by falsely representing the amount of the plaintiff's debt in correspondence to Plaintiff.

(b)    *False, Misleading, Deceptive, or Unfair Practice/False Representation of Obligation on Account:* Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by using deceptive means to attempt to collect a debt, namely by falsely representing that plaintiff was obligated to pay, when in fact plaintiff was never indebted on the account.

(c)    *False, Misleading, or Deceptive Practice/Threat of Legal Action:* Defendant violated 15 U.S.C. § 1692e (10), 15 U.S.C. § 1692e (2), 15 U.S.C. § 1692e (4), and 15 U.S.C. § 1692f (6) by attempting to collect a non existent debt.

88.    As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff in the sum of plaintiff's actual damages, statutory damages of $1,000.00, and costs and attorney's fees.

### THIRTEENTH CLAIM FOR RELIEF – Violation of FDCPA
### (Against FIA Card, ER Solutions and United Recovery)

89.    Plaintiff repeats and realleges the paragraphs above.

90.    Defendants violated the FDCPA. Defendant's violations include, but not limited to, the following: (a). The Defendant violated 15 U.S.C. Section 1692g(b) by failing to provide verification of the debt and continuing its debt collection efforts after the plaintiff had disputed the debt in writing pursuant to U.S.C. Section 1692g debt validation rights; (b) by failing to validate the purported debt and yet continued to pursue collection activity in violation of FDCPA Section 809; (c) the use of false representations or deceptive means to collect or attempt to collect a debt in

violation of 15 U.S.C. §§1692e and 1692e(10); and (d) the use of unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

91.     As a result of the above violations of the FDCPA, defendants are liable to the plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### FOURTEENTH CLAIM FOR RELIEF – Defamation and Invasion of Privacy) (Against all Defendants)

92.     The plaintiff repeats and realleges each paragraph above.

93.     Defendants were notified of inaccuracies by plaintiff however; the defendants continued to furnish negative information concerning plaintiff's credit; continue collections efforts; and to issue and/or publish report(s) to third parties which contained inaccurate information about plaintiff. Defendants have defamed plaintiff and has invaded her privacy. Alternatively, defendants have, with willful intent to injure and/or maliciously, defamed plaintiff and have invaded Plaintiff's privacy.

94.     Alternatively, Defendants have, with willful intent to injure or maliciously, published such false and inaccurate information and severely damaged the personal and consumer reputation of plaintiff and caused him to suffer severe humiliation, emotional distress and mental anguish, in violation of the FCRA and NJFCRA.

95.     Defendants reported derogatory, false, inflammatory remarks to others, contrary to the Common Law, and plaintiff claims damages therefore. Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning plaintiff with reckless disregard for the truth of the matters asserted.

96.     Defendants were notified of inaccuracies by plaintiff however; the defendants continued to furnish and issue and/or publish report(s) to third parties which contained inaccurate information about plaintiff. Defendants furnishing and publishing of such false and inaccurate

information has severely damaged the personal and consumer reputation of plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff.

97.     Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that plaintiff may recover for damages for defamation, invasion of privacy where defendants' furnished false information with malice or willful intent to injure the plaintiff, both under the Common Law and the Fair Credit Reporting Act and N.J. Stat. § 56:11-35 (e).

### FIFTEENTH CLAIM FOR RELIEF – Negligence)
### (Against all Defendants)

98.     Plaintiff repeats and realleges each paragraph above.

99.     Defendants owed duties of reasonable care to plaintiff.

100.    Defendants failed to exercise reasonable care and prudence in following plaintiff's authorization on his credit card purchases; in furnishing plaintiff's credit information to third parties; in matching of consumer credit data, preparation and publication of consumer credit reports; in preparing and publication of each subsequent reporting and re-reporting; in the handling and reinvestigation of data about plaintiff, all made the subject of this Lawsuit, and which consequently caused damaged plaintiff.

### SIXTEENTH CLAIM FOR RELIEF – Punitive Damages)
### (Against all Defendants)

101.    Plaintiff repeats and realleges each paragraph above.

102.    Plaintiffs would further show that the conducts, acts and omissions of defendants complained of herein were committed willfully with malice or reckless indifference to the protected rights of the plaintiffs, in violation of FCRA, FDCPA, and NJFCRA.  In order to punish defendants for engaging in unlawful and deceptive practices and to deter such actions and/or omissions in the future, a plaintiff also seeks recovery from defendants for punitive damages.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the defendants individually and/or severally for the following:

A.  Declaratory judgment that defendant's conduct violated the FCRA;

B.  Declaratory judgment that plaintiff is not indebted to Bank of America on the credit card;

C. Declaratory judgment that defendant's conduct violated the NJFCRA;

D. Actual damages to be determine by the Judge or Jury;

E. Statutory damages pursuant to FCRA and NJFCRA;

F. Punitive damages to be determined by the Judge or Jury;

G. Costs and reasonable attorney's fees pursuant applicable provisions of the law;

H. Exemplary damages to be determined by the Judge or Jury;

I. Compensatory damages to be determined by the Judge or Jury;

J. For Injunctive relief;

K. To compel defendants to remove all inaccurate or unverifiable credit information from plaintiff's record maintained by them; and

L. For such other and further relief as may be just and proper.

Dated: Hamilton, New Jersey
October 9, 2008

By: _____

Ebere C. Nnebe
Pro Se Plaintiff
119 Parker Pl
Hamilton, NJ 08609
(609) 672-6016

## VERIFICATION

STATE OF NEW JERSEY     )
COUNTY OF MERCER        ) SS.:

EBERE C. NNEBE, being duly sworn, deposes and says:

I am the Plaintiff in the within action; I have read the foregoing verified complaint and

know the contents thereof and the same is true to my own knowledge except as those matters

alleged to be upon information and belief, and that as to those matters, I believe them to be true.

EBERE C. NNEBE

Sworn to before me this
10th day of October 2008.

Notary Public

BLITZY T. STARR
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/29/2011